**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| **REBECCA REED,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CASE NO.:3:08cv538** |
| | ) |
| **DENT-A-MED, INC. d/b/a** | ) |
| **HC PROCESSING CENTER** | ) |
| | ) |
| **Defendant.** | ) |

## DEFENDANT DENT-A-MED, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER VENUE

Defendant, Dent-A-Med, Inc. ("Dent-A-Med"), by counsel, submits the following in

support of its Motion to Transfer Venue to the Western District of Arkansas, Fayetteville

Division, pursuant to 28 U.S.C. §1404(a):

## INTRODUCTION

This litigation has no connection with the Richmond Division. The Plaintiff does not

reside in or near Richmond, and thus, Richmond is not her "home forum." Moreover, none

of the operative events alleged in the Complaint occurred in the Richmond Division.  Rather,

the original filing of the case in this court was an obvious forum-shopping exercise.

In contrast, the events underlying plaintiff's Complaint took place in or near

Springdale, Arkansas, which is located within the Fayetteville Division of the Western

District of Arkansas.  The focus of the dispute is a denial of plaintiff's credit application by

Dent-A-Med, a company which is headquartered in and operates out of Springdale,

Arkansas.  Most of the pertinent witnesses and documents relevant to this litigation are

located at or near Dent-A-Med's offices in Springdale.

1

For the convenience of the parties and witnesses, this case should be transferred to the Fayetteville Division of the United States District Court for the Western District of Arkansas.

## ALLEGATIONS OF COMPLAINT

Rebecca Reed's ("Reed") Complaint against Dent-A-Med alleges that she was one of many consumers aggrieved by Dent-A-Med's alleged violations of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §1691, *et seq*. Specifically, Reed alleges that she submitted a credit application via the Internet to ICON Fitness-EC ("ICON"). *Complaint*, ¶ 6. "ICON attempted to find financing for [Reed] through Arvest Bank," which relied upon Dent-A-Med to perform a credit analysis and determine whether Arvest should extend credit to Reed. *Id.*, ¶7. Dent-A-Med denied Reed's application for credit and notified Reed by mail of the "adverse action" taken on her application within the time prescribed by the ECOA. *Id.*, ¶10, 11.

Reed alleges that Dent-A-Med's notice of adverse action "failed to lawfully inform the Plaintiff of the basis for Dent-A-Med's adverse action or to provide a statement of reasons for Dent-A-Med's adverse action as required by the ECOA." *Id.*, ¶ 12. Reed further alleges, "upon information and belief," that Dent-A-Med does not have proper procedures in place (i) for providing adequate notice to credit applicants, and (ii) for maintaining records in compliance with the ECOA. *Id.*, ¶ 13.

## STATEMENT OF APPLICABLE LAW

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Whether to transfer an action under § 1404(a) is committed to the sound discretion of the district court. *In re*

*Ralston Purina Co.,* 726 F.2d 1002, 1005 (4th Cir. 1984); *Verosol B.V. v. Hunter Douglas, Inc.,* 806 F. Supp. 582, 592 (E.D. Va. 1992).

To determine whether transfer of venue is proper under §1404(a), the Court should consider the following factors: (1) the plaintiff's original choice of venue; (2) the location of witnesses and evidence; (3) the convenience of the parties; and (4) the interest of justice. *Scott v. BB&T Co.,* No. 3:08CV357 at 9, (Spencer, J.) (E.D. Va. Sept. 18, 2008) (*citing Corry v. CFM Majestic, Inc.,* 16 F. Supp. 2d 660, 666 & n.14 (E.D.Va. 1998)). A court might also consider the cost of obtaining the attendance of witnesses, the availability of compulsory process on witnesses, and the interest of having a local controversy decided in the home forum. *Id., citing Verosol B.V.,* 806 F. Supp. at 592. Viewed in the aggregate, these factors weigh in favor of transferring this case to the Western District of Arkansas.

## ARGUMENT

### I.     The Western District of Arkansas is a Permissible Venue.

A threshold consideration regarding the issue of transfer is whether the action *might* have been brought in the proposed transferee district court. *Koh v. Microtek Int'l, Inc.,* 250 F. Supp. 2d. 627, 630 (E.D. Va. 2003). An action "might have been brought" in a proposed transferee court if: (1) the court had jurisdiction over the subject matter of the action; (2) venue is proper there; and (3) the defendant is amenable to service of process issuing out of the transferee court. 15 C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* §3845 (3d ed. 1976).

As a corporation with its principal business operations in Arkansas, Dent-A-Med is subject to jurisdiction, venue and process in Arkansas. Dent-A-Med is headquartered and maintains its principal place of business in Springdale, Arkansas. *See, Declaration of Mark*

*Robertson* ("*Robertson Dec.*") ¶ 4, attached hereto as Exhibit A.  Indeed, the notice at issue

in this case (which is attached to Plaintiff's Complaint as Exhibit A) identifies the address for

Dent-A-Med (under its trade name) as Springdale, Arkansas.  The subject of this putative

class action, Dent-A-Med's practices and procedures for providing adverse action notices to

consumers and maintaining records, took place at Dent-A-Med's place of business in

Springdale. *Robertson Dec.*, *generally*.  Springdale is located in the Western District of

Arkansas, which would obviously be a permissible and appropriate venue for any claims

against Dent-A-Med.

**II.**     **Based on the Factors Identified in *Corry*, This Case Should Be Transferred to the**
           **Fayetteville Division of the Western District of Arkansas.**

A.     *Plaintiff's Choice of Venue Is Entitled to No Weight.*

When a plaintiff chooses to file suit in a venue other than her "home forum," the

plaintiff's choice of venue is not entitled to substantial weight and will not impede the

transfer of the case to another proper venue. *Verosol B.V.*, 806 F. Supp at 593.  A plaintiff's

"home forum" is the forum in which the plaintiff resides. *JTH Tax, Inc. v. Lee*, 482 F. Supp. 2d

731, 736 (E.D. Va. 2007).  For purposes of a motion to transfer venue, a plaintiff's home

forum is determined by reference not only to the home District but also the home Division.

*Beverly v. ChoicePoint*, Case No. 3:07CV541 (E.D. Va. February 13, 2008) (Williams, J.)

(ruling that the Richmond Division was "not a home forum" for plaintiff who resided in

Newport News Division and hence plaintiff's chosen venue was not due substantial weight);

*Poling v. Trans Union, LLC*, No. 3:05CV432, Report and Recommendation at 5 (E.D. Va.

Nov. 2, 2005) (Dohnal, M.J.) (citing *GTE Wireless, Inc. v. Qualcomm, Inc.*, 71 F. Supp. 2d

517, 519 (E.D. Va. 1999) and *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 633 (E.D. Va. 2003)).

Moreover, because the numerous other potential plaintiffs in a proposed class action might find another venue to be more appropriate for adjudication of the claim, the lead plaintiff's choice of forum in a class action is afforded very little weight. *Byerson v. Equifax Info. Servs.*, 467 F. Supp. 2d 627, 631 (E.D. Va. 2006).

The Complaint establishes that Plaintiff resides in Newport News, Virginia. *Complaint, ¶* 6. When the Plaintiff received the joint ECOA and FCRA notice which lies at the heart of this dispute, she lived in Hampton, Virginia. *Id.*, at Exhibit A. While both Newport News and Hampton lie within the Eastern District of Virginia, neither of them are located within the bounds of the Richmond Division. Even though Plaintiff could have filed her claims in the Norfolk and/or Newport News Divisions of the Eastern District, she chose to file this suit in Richmond. In so doing, Plaintiff chose a venue other than her "home forum." This attempt at forum shopping is entitled to no weight in the Court's consideration of a transfer of venue.

Moreover, plaintiff submitted her credit application online when attempting to purchase goods from ICON Fitness, which operates out of Utah. *Id.*, ¶ 6. Allegedly, "ICON attempted to find financing for Plaintiff through Arvest Bank," (which is located in Oklahoma) and Arvest Bank relies upon Dent-A-Med to determine whether credit applications should be approved.[1] *Id.*, at ¶ 7. Thus, Plaintiff's credit application was submitted to Dent-A-Med in Springdale, Arkansas to determine whether Arvest Bank should extend credit to allow her to purchase equipment from ICON Fitness. *Robertson Dec.*, ¶¶ 5, 9. None of these events took place in Virginia. *Robertson Dec.*, ¶ 13. Most importantly, neither the denial of plaintiff's credit

---

[1] Reed also filed separate class action suits against ICON Fitness and Arvest Bank.

application nor the provision of allegedly inadequate notice under the ECOA and FCRA took place in the Richmond Division. *Id.* Thus, the events giving rise to this action have no connection to the Richmond Division.

      B.    *The Western District of Arkansas is a More Convenient Forum for the Majority of Witnesses in this Action.*

The convenience of a given forum and the access to sources of proof is often the dispositive factor in considering a motion to transfer venue. *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 636 (E.D. Va. 2003). While the proponent of transfer may submit affadavits from individual witnesses regarding the nature of the testimony they will provide, this requirement is relaxed where uncontroverted evidence demonstrates that the transferee forum is the "center of activity" of the case (i.e. where most of the events giving rise to the claim occurred and where witnesses and documentary evidence are predominately found). *See, e.g., Telepharmacy Solutions, Inc. v. Pickpoint Corp.*, 238 F. Supp. 2d 741, 744 (E.D. Va. 2003). The "center of activity" approach is particularly appropriate in the early stages of a case, when the parties have not had ample opportunity to identify specific witnesses and to ascertain their likely testimony. *Koh*, F. Supp. 2d at 636; *see also, Scott v. BB&T Co.*, No. 3:08CV357 at 9, (Spencer, J.) (E.D. Va. Sept. 18, 2008) (order granting motion to transfer "despite the absence of specific detailed information about witnesses or their testimonies").

This case involves allegations that Dent-A-Med repeatedly failed to provide appropriate notices of adverse actions taken on credit applications submitted by individuals around the country. Reed also asserts that Dent-A-Med failed to maintain accurate records of its compliance with the ECOA. Thus, the evidence to be presented will consist primarily of (i) testimony from Dent-A-Med employees and officers and (ii) documents maintained by Dent-A-Med at its offices in Springdale. *See, Robertson Dec., generally.* In similar cases, this Court has

determined that the "center of activity" for such claims is the location of the defendant's offices from which the adverse action, notice and reporting originated. *See, e.g., Beverly v. ChoicePoint, Inc.*, No. 3:07CV541 (E.D. Va. Feb. 13, 2008) (order transferring case to Western District of North Carolina because "the operative facts and events from which plaintiffs' claims arose, which involve defendants' notice and reporting procedures, took place in Charlotte.") Because most of the employees of Dent-A-Med who were involved in this transaction, and thus, who might be called to testify as witnesses, live in or around Springdale, the Western District of Arkansas will be a more convenient forum for most the witnesses in this case. *Robertson Dec.,* ¶ 12.

Of course, the availability of compulsory process to ensure the attendance of certain witnesses (such as former Dent-A-Med employees), and the costs associated with procuring such witness testimony also weigh in favor of transferring this case to the Western District of Arkansas.

     C.     *The Availability of Evidence Weighs in Favor of Transfer to the Western District of Arkansas.*

As addressed above, the documentary evidence in this case will consist primarily of records maintained by Dent-A-Med.  In fact, plaintiff has expressly alleged that Dent-A-Med's recordkeeping procedures were inadequate, which places Dent-A-Med's records directly at issue in this case.  Dent-A-Med's relevant records are stored in Springdale, Arkansas. *Robertson Dec.,* ¶ 7. Thus, the logistical obstacles and hardships associated with the discovery process, such as large-scale document reviews, electronic imaging, storage and production, as well as access to other forms of evidence, will be alleviated by transfer of this case to the Fayetteville Division of the Western District of Arkansas.

     D.     *The Western District of Arkansas is a More Convenient Forum for the Defendant.*

As set forth previously, Dent-A-Med is headquartered in Springdale, Arkansas, and its principal place of business is located there. *Robertson Dec.* ¶ 4. The testimonial and documentary evidence in this case will come almost exclusively from Dent-A-Med's employees and records, which are also located in Springdale. *Id.*, ¶ 7. Indeed, Springdale is the "center of activity" of this case. Transferring the case to the Fayetteville Division of the Western District of Arkansas would substantially reduce the logistical hurdles and travel expenses required of Dent-A-Med to litigate the case in Richmond. *Id.*, ¶ 16. Thus, the Western District of Arkansas is a far more convenient forum for Dent-A-Med.

This convenience to Dent-A-Med is not offset by inconvenience to the plaintiff. While Richmond is likely a more convenient forum for the named plaintiff, the fact that she has chosen to file her claim (i) somewhere other than her "home forum," and (ii) on behalf of a similarly situated class, presumably with potential members in Arkansas as well as other parts of the country, renders the plaintiff's convenience immaterial to the current analysis. *See, Byerson*, at 631.

E.      *The Interest of Justice Does Not Preclude Transfer of This Case to the Western District of Arkansas.*

The interest of justice is a broad category which may or may not include various concerns such as judicial economy, public interest, the incentive to have a local controversy decided by local courts, and the avoidance of inconsistent judgments. *Scott*, at 10.

Admittedly, the above factors do not appear to be implicated in this case, and thus, the interest of justice does not compel transfer of this case to Arkansas. Neither, however, does the interest of justice weigh in favor of keeping this case in the Richmond Division. Quite the

contrary, justice has no interest in allowing plaintiff to forum-shop by filing her class action suit outside her "home forum" in an attempt to gain a legal advantage.

Considering the interest of justice, there is no compelling reason to keep this case in Richmond, when the Western District of Arkansas is perfectly capable of adjudicating the federal law issues in this case, and the plaintiff's claims have no connection with the Richmond Division.

## CONCLUSION

Because the plaintiff's choice of forum is entitled to no weight and the interest of justice does not favor either forum, the determinative factors for analyzing the potential transfer of this case are (i) the convenience of the parties, (ii) the convenience of the potential witnesses, (iii) the availability of compelling witness testimony and the costs of such testimony, and (iv) access to documentary and other types of evidence. Based on these determinative factors, all weighing in favor of transfer, Dent-A-Med respectfully requests that the Court transfer this case to the Fayetteville Division of the District of Arkansas pursuant to 28 U.S.C. §1404(a).

DENT-A-MED, INC. d/b/a
HC PROCESSING CENTER


By: _____/s/_____
                    Of Counsel

Calvin W. Fowler, Jr. (VSB #27982)
Turner A. Broughton (VSB #42627)
Harold E. Johnson (VSB #65591)
WILLIAMS MULLEN
A Professional Corporation
Two James Center
1021 East Cary St. (23219)
P. O. Box 1320
Richmond, VA 23218-1320
Phone:  (804) 643-1991

Fax:  (804) 783-6507
*Counsel for Dent-A-Med*

# C E R T I F I C A T E

I hereby certify that on ***November 25, 2008,*** I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Leonard A. Bennett, Esq.
Robin A. Abbott, Esq.
Gary L. Abbott, Esq.
Consumer Litigation Associates, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660
(757) 930-3662 (facsimile)
lenbennett@clalegal.com
rabbottlaw@msn.com
garyabbott9@msn.com
*Counsel for Plaintiff, Rebecca Reed*

By:___/s/_____
Calvin W. Fowler, Jr. (VSB #27982)
Turner A. Broughton (VSB #42627)
Harold E. Johnson (VSB 65591)
WILLIAMS MULLEN
1021 East Cary Street, P. O. Box 320
Richmond, Virginia 23218-1320
804.783.6442
804.783.6507 (fax)
wfowler@williamsmullen.com
tbroughton@williamsmullen.com
hjohnson@williamsmullen.com
*Counsel for Dent-A-Med*

1684914v1